**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DEETRA T. SMITH**                                                           **PLAINTIFF**

V.                        **NO. 4:08CV00190-BD**

**MICHAEL J. ASTRUE,
Commissioner, Social Security Administration**                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deetra T. Smith brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security income ("SSI") under Title XVI of the Act.

**I.**     **Administrative Proceedings:**

Plaintiff filed her application for DIB and SSI on April 27, 2004, alleging disability since January 1, 2002. (Tr. 60, 292) At the hearing, Plaintiff amended her claims to allege a disability onset date of December 31, 2004. (Tr. 482) The claims were denied initially and upon reconsideration. (Tr. 40-41, 46-47) A hearing was held before an Administrative Law Judge[1] ("ALJ") on March 28, 2006. (Tr. 480) Ms. Smith was present at the hearing, along with her mother and her attorney. (Tr. 480)

---

[1] The Honorable Donald R. Rebsamen.

On March 28, 2006, the ALJ issued a decision finding that Plaintiff was not disabled under the Act and denying her claims for benefits.  (Tr. 14-19)  On November 9, 2007, the Appeals Council denied Plaintiff's request for review (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner.  Plaintiff seeks judicial review from this decision under 42 U.S.C. § 405(g).

II.   **Background:**

At the time of the hearing, Plaintiff was twenty-six years old and lived with her mother.  (Tr. 18, 483)  She had a high school education and a CNA certificate.  (Tr. 484)  Plaintiff was taking over-the-counter pain relievers.  (Tr. 487)  Plaintiff had prescriptions for Clarinex, Diazide, Nexium, Advair, Albuterol, Flonase, and Paxil which she could not afford to fill on a regular basis.  (Tr. 487-89)

III.   **ALJ's Decision**:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work; and (5) if so, whether the

impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g) (2005).

The ALJ found that Plaintiff was not engaged in substantial gainful activity since the amended onset date, and that she suffered from asthma with shortness of breath, obesity, and lower back pain. (Tr. 16) Plaintiff did not suffer from a "listed" impairment, or combination of impairments, according to the ALJ's findings. (Tr. 16) The ALJ determined that Plaintiff did not have the residual functional capacity ("RFC") to perform her past, relevant work. (Tr. 18) He found, based on the testimony of a vocational expert ("VE"), however, that there was a significant number of jobs in the national economy which Plaintiff could perform. (Tr. 18)

IV. <u>Analysis</u>:

    A. *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision. 42 U.S.C. § 405(g). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007). In reviewing the record as a whole, the Court "must consider the evidence which detracts from the Commissioner's decision, as well as the evidence in support of the decision," but the decision cannot be reversed, "simply because some evidence supports a

conclusion other than that of the Commissioner." *Pelkey v. Barhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.    *Development of the Record*

Plaintiff claims the ALJ failed to properly develop the record. Specifically, Plaintiff claims that the ALJ should have more fully developed the record in regards to a statement of Dr. Kenneth Counts, a psychologist who examined Plaintiff in 2002. Dr. Counts found that Plaintiff "appeared depressed," and he recommended psychological counseling. Plaintiff also points to a report from Dr. Janet Dean, who examined the Plaintiff on December 12, 2004, which noted that the Plaintiff limped into the interview. According to Plaintiff, the reference to Plaintiff's limping put the ALJ on notice of the need to further develop evidence of Plaintiff's physical impairments.

It is the ALJ's duty to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 836-37 (8th Cir. 2004). A plaintiff seeking to show that the record has been inadequately developed by the ALJ must show "both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007) (citing *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001). "[C]ontacting a treating physician is necessary only if the doctor's records are 'inadequate for us to determine whether [the claimant is] disabled' such as 'when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based

4

on medically acceptable clinical and laboratory diagnostic techniques.'" *Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e)).

In this case, a 2002 report from Dr. Counts suggesting Plaintiff might benefit from some psychological counseling does not warrant further development of the record. See *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (an ALJ does not have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped) (citing *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). As the ALJ noted, Dr. Janice Dean, Ph.D., evaluated the Plaintiff on December 6, 2004 and noted that Plaintiff had received counseling a few years prior. (Tr. 172) Dr. Dean ruled out depressive disorder after her evaluation of Plaintiff (Tr. 173), and found that Plaintiff's thought processes were logical and goal directed. Plaintiff reported having no suicidal thoughts; she appeared to be in touch with reality; and her abstract thinking and judgment were intact. (Tr. 172-74) The ALJ also noted that Plaintiff testified that when she had access to Paxil it controlled her depression symptoms. (Tr. 485) The evidence in the record regarding Plaintiff's alleged mental impairment was sufficient, and Plaintiff was not prejudiced by the ALJ's failure to further develop the record.

Additionally, there was no need to further develop the record related to Plaintiff's alleged physical impairments. While Dr. Dean did report that Plaintiff limped into the interview room, this statement alone is not enough to warrant further investigation by the

ALJ.  (Tr. 174)   Physical residual functional capacity assessments of Plaintiff in 2005 found that Plaintiff was capable of standing or walking six hours in an eight hour day and had no postural limitations.  (Tr. 230-31, 238-39)    A vocational analysis of Plaintiff on January 3, 2005, found that Plaintiff could stand and/or walk a total of six hours per eight hour day.  (Tr. 88)  Further, Plaintiff reported her activities included doing laundry, ironing, vacuuming, sweeping, taking out the trash, shopping for clothes and groceries, preparing meals for up to an hour and a half, and walking for exercise.  (Tr. 89-90)

As additional support for her position, Plaintiff points to a December 10, 2002 report by a consulting physician, Dr. J. L. Prichard, who examined Plaintiff at the Commissioner's request as part of a prior claim for benefits.  Dr. Prichard reported that Plaintiff had restrictive range of motion, generalized muscle weakness, and could not walk on her heels and toes or arise from a squatted position.  Plaintiff did not allege disability due to muscle weakness or pain in her feet in her current application or at the hearing.  Although the ALJ must fairly and fully develop the record, he "is not obliged 'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)).  Further, the report was made more than a year before Plaintiff's alleged onset date and, in the report, Dr. Prichard did not provide any explanation for his findings.  (Tr. 143-49)

Given the lack of objective medical evidence on the record and Plaintiff's failure to claim muscle weakness or pain in her feet as impairments at the time of filing or at the hearing, the ALJ was not required to investigate further.

C. *The ALJ's Mental Evaluation*

The Plaintiff argues the ALJ's mental evaluation did not follow the special psychological technique described in 20 C.F.R. § 416.920(a). Specifically, Plaintiff argues the ALJ's findings regarding Plaintiff's mental restrictions are inconsistent with the opinions of Dr. Counts and Dr. Dean. (#9 at p. 13) The ALJ, however, properly evaluated Plaintiff's mental impairment. Dr. Dean diagnosed Plaintiff with pain disorder associated with a general medical condition, degenerative disk disease, and cannabis abuse, but ruled out "Depressive Disorder NOS." (Tr. 174) Dr. Dean further reported that Plaintiff's concentration, persistence and pace were adequate and within normal limits, and Plaintiff had no limitations in cognitive functioning that suggested cognitive limitations in adaptive functioning. (Tr. 174) Dr. Counts, in his evaluation of Plaintiff in December 2002, did suggest that Plaintiff seek some psychological counseling; and according to Dr. Dean's report, she did. Neither doctor reported that Plaintiff was suffering from a disabling mental impairment.

Given these reports and Plaintiff's testimony that when on Paxil, her depression was controlled, the ALJ appropriately found Plaintiff was able to perform work "where interpersonal contact is incidental to work performed, where complexity of tasks is

7

learned and performed by rote with few variables and little judgment required. Supervision required should be simple, direct and concrete." (Tr. 16-17)

    D.    *Plaintiff's Obesity*

Plaintiff complains that the ALJ failed to properly consider her obesity and factor its limitations into his hypotheticals. Plaintiff, however, offered no objective medical evidence to support a conclusion that Plaintiff had any limitations associated with her obesity. None of Plaintiff's treating physicians imposed any work-related restrictions on Plaintiff because of her obesity. Accordingly, the ALJ's decision not to include obesity-related restrictions in his hypotheticals was supported by substantial evidence. See *Forte v. Barnhart*, 377 F.3d 892, 896-97 (8th Cir. 2004) (ALJ's failure to discuss obesity was not fatal where none of claimants treating physicians imposed work-related limitations on the claimant because of his obesity).

    E.    *The Hypotheticals Posed to the Vocational Expert*

Plaintiff argues that the ALJ posed hypotheticals to the vocational expert that did not reflect all of the claimant's non-exertional impairments related to "her high blood pressure, obesity, pain, depression, and other non-strength impairments." However, as set forth above, additional limitations were not supported by the medical evidence in the record. Further, additional limitations were not supported by Plaintiff's testimony. In spite of Plaintiff's reports of pain, she testified that she did not take any prescribed pain medication. (Tr. 489) Plaintiff stated her activities include laundry, ironing, vacuuming,

sweeping, taking out the trash, shopping for clothes and groceries, preparing meals up for up to an hour and a half, walking for exercise, and driving. (Tr. 89-90) The hypothetical posed to the vocational expert by the ALJ covered all Plaintiff's limitations and non-exertional impairments that were supported by the evidence.

    F.    *Additional Evidence Submitted to the Appeals Council*

After the ALJ issued his decision, Plaintiff submitted additional evidence to the Appeals Council in an attempt to gain review. The additional evidence included medical records from University of Arkansas for Medical Sciences from June 6, 2007 to June 8, 2007; from Rural Health Center from June 6, 2007; and from Stuttgart Regional Medical Center from June 3, 2007. The Appeals Council considered the new evidence submitted by the Plaintiff, but denied review stating, "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 5-6) Plaintiff claims the new evidence must lead the Court to the conclusion that the ALJ's decision is not supported by substantial evidence.

When a claimant submits new evidence to the Appeals Council, and the Appeals Council considers the evidence but denies review, the evidence becomes part of the record and is considered in the "substantial evidence" review. *Browning v. Sullivan*, 958 F.2d 817, 822-23 (8th Cir. 1992). The Court has reviewed the additional evidence indicating that Plaintiff suffered a stroke after the ALJ's decision was issued. While the evidence submitted adds some support for Plaintiff's contention that her physical

9

impairments are worsening and may be grounds for a new application, the additional evidence does not dilute the record to the point that the ALJ's ultimate finding is insufficiently supported.[2] *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

## V. Conclusion:

The Court has reviewed all of the evidence in the record. There is substantial evidence in the record as a whole to support the Commissioner's conclusion that Plaintiff had the residual functional capacity to make an adjustment to other work available in the local, regional, and national economy.

Accordingly, Plaintiff's appeal is DENIED. The Clerk is directed to close the case, this 17th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The new evidence also substantiates that Plaintiff continues to smoke and use drugs in spite of her asthma. (Tr. 317-18, 345, 350, 423)